IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:94-CR-139-FL-2
No. 5:16-CV-409-FL

| | |
|---|---|
| KEVIN JERMAINE MELVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 (DE 83, 87),[1] which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The matter also is before the court on petitioner's supplemental motion to correct sentence (DE 92), respondent's motion to dismiss (DE 99), and petitioner's motion to supplement (DE 108). The issues raised are ripe for ruling.[2] For the reasons that follow, the court grants respondent's motion to dismiss, dismisses petitioner's § 2255 motion to vacate, and denies petitioner's remaining motions.

**BACKGROUND**

On February 9, 1995, petitioner was found guilty after a jury trial of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 10, 1995, petitioner was sentenced

---

[1]Two documents styled as motions to vacate have been filed in this matter: one was filed by petitioner's appointed counsel (DE 87), and the other by petitioner proceeding pro se (DE 83). Because the issue raised in both filings is identical, the court construes them as a single § 2255 motion.

[2]This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

to a total term of 327 months' imprisonment. At sentencing, the court found petitioner was a career offender under the then-mandatory United States Sentencing Guidelines[3] based on petitioner's prior convictions for assault with a deadly weapon, assault on a law enforcement officer, and common law robbery. The career offender designation produced a mandatory Guidelines sentencing range of 262 to 327 months' imprisonment.

Petitioner's convictions and sentence were affirmed on direct appeal. On December 17, 1998, petitioner filed his first motion to vacate, set aside, or correct sentence, which was denied.

On June 24, 2016, the Fourth Circuit granted petitioner's motion for authorization to file second or successive § 2255 motion. That same day, petitioner, acting through counsel, filed the instant motion to vacate, arguing he was improperly designated a career offender under Johnson.[4] The court thereafter stayed consideration of the motion pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544. On October 26, 2016, petitioner, acting pro se, filed the instant supplemental motion to reduce sentence, which raised a Johnson claim and also argued petitioner is entitled to a sentence reduction under certain retroactive amendments to the Sentencing Guidelines. On April 7, 2017, the court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner filed supplemental memorandum in response to the court's order, arguing that Beckles did not apply because petitioner was sentenced under the mandatory Sentencing Guidelines.

On June 7, 2017, the court held this matter in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. The Fourth Circuit decided Brown on August 21, 2017,

---

[3]Petitioner was sentenced prior to the Supreme Court's decision in United States v. Booker, which held the mandatory Sentencing Guidelines were unconstitutional. 543 U.S. 220, 245 (2005).

[4]As noted, petitioner also filed a pro se motion to vacate raising an identical claim.

2

holding that Johnson does not trigger the § 2255(f)(3) statute of limitations for petitioners challenging the mandatory career offender provision, thus rendering the Brown petitioner's claim untimely.[5] United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017). Petitioner requested stay of the instant proceedings pending request for en banc review in Brown, which the court granted. The Fourth Circuit thereafter denied the request for en banc review in Brown. United States v. Brown, 891 F.3d 115 (4th Cir. 2018).

On March 21, 2018, respondent filed the instant motion to dismiss and request to lift stay. Petitioner filed response in opposition seeking extension of the stay pending resolution of petition for writ of certiorari to the United States Supreme Court filed in Brown. The court denied petitioner's request to extend the stay, and directed petitioner to file supplement to his § 2255 motion showing cause why the motion should not be dismissed in light of Brown, and respondent to file response. On October 15, 2018, after the parties filed the requested briefing, the Supreme Court denied the petition for certiorari in Brown. 139 S. Ct. 14 (2018). On November 5, 2018, petitioner's counsel moved to withdraw as counsel for petitioner and provided notice of petitioner's intent to proceed pro se, and the court granted counsel's motion that same day. On December 14, 2018, petitioner filed the instant motion to supplement, arguing the court should grant § 2255 relief pursuant to the Fourth Circuit's recent decision in Lester v. Flournoy, — F.3d —, 2018 WL 6253382 (4th Cir. Nov. 30, 2018).

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

---

[5]As here, the Brown petitioner did not assert his claim was timely under any of the remaining § 2255(f) limitations periods.

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Petitioner's § 2255 motion

Petitioner's sole claim for relief in his § 2255 motion is that his sentence is unconstitutional. (Mot. (DE 83) ¶ 12; Mot. (DE 87) ¶ 12). Petitioner contends that his prior convictions for assault with a deadly weapon, assault on a law enforcement officer, and common law robbery cannot serve as predicate convictions for his career offender designation in light of Johnson. (Id.)

Petitioner's motion was not filed within the applicable statute of limitations and therefore must be dismissed as untimely. A one-year statute of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner relies on § 2255(f)(3), arguing Johnson recognizes a new right applicable to the

mandatory career offender provision that has been made retroactively applicable to cases on collateral review. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.[6] 135 S. Ct. at 2555. The Supreme Court subsequently held that Johnson applies retroactively to cases on collateral review, thereby permitting defendants with Johnson claims to file a § 2255 motion within the one-year § 2255(f)(3) limitations period. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Petitioner argues Johnson and Welch's reasoning applies equally to a similar clause found in the career offender provision of the United States Sentencing Guidelines at the time of his sentencing.[7] See U.S.S.G. §§ 4B1.1 cmt. 1 & 4B1.2(a)(1) (1994) (defining "crime of violence" in the career offender provision using residual clause similar to that found in ACCA). Petitioner contends his motion is timely under § 2255(f)(3) because he filed it within one year of the Johnson decision.

Petitioner's argument is foreclosed by the Fourth Circuit's decision in Brown, which held the Supreme Court has not "recognized" that Johnson applies to the mandatory career offender provision for purposes of the § 2255(f)(3) statute of limitations. As the Fourth Circuit explained,

> In short, Petitioner's cited cases do not recognize, and the dissent does not point to, any right helpful to him. Johnson only recognized that ACCA's residual clause was unconstitutionally vague, 135 S. Ct. at 2557; it did not touch upon the residual clause at issue here. Likewise, Beckles only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. 137 S. Ct. at 895. In a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA,

---

[6]ACCA's residual clause defines a "violent felony" as an offenses that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[7]The parties dispute whether petitioner's prior convictions qualify as predicate convictions under the portions of the career offender provision unaffected by Johnson. In light of the court's ruling that the motion is untimely, the court does not address those arguments.

5

it is void for vagueness like ACCA. See id. at 892 n.2 (noting former circuit split). But Beckles demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by Johnson. Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. See Dodd [v. United States, 545 U.S. 353, 359 (2005)]. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of Johnson's binding holding, and Beckles's indication that the position advanced by Petitioner remains an open question in the Supreme Court.

United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (footnote omitted), cert. denied, 139 S. Ct. 14 (2018).

Brown dictates that petitioner's claim is untimely under § 2255(f)(3), and petitioner does not argue the motion is timely under § 2255(f)(1)-(2) or (4), or that he is entitled to equitable tolling. Accordingly, the instant motion to vacate is dismissed as untimely.

C. Petitioner's Remaining Motions

As set forth above, petitioner also has filed two pro se motions related to his underlying Johnson claim. In the first, petitioner requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the court to reduce a term of imprisonment based on certain retroactive amendments to the Sentencing Guidelines. As the court previously has explained to petitioner, he is not entitled to relief based on the retroactive amendments lowering the Guidelines range for certain drug offenses because he was sentenced as a career offender. (DE 66); see also United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2016), superseded by regulation on other grounds as stated in United States v. Muldrow, 844 F.3d 434 (4th Cir. 2016). Because petitioner's status as a career offender has not changed, petitioner is not entitled to relief under § 3582(c).

Petitioner's second motion to supplement argues the Fourth Circuit's recent decision in

Lester v. Flournoy supports his claims. Lester establishes[8] that federal prisoners can challenge mandatory career offender designations under 28 U.S.C. § 2241 if the prisoner can show that § 2255 is an inadequate or ineffective remedy under the test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Lester, 2018 WL 6253382, at *3-4.

Lester thus addresses sentencing challenges pursuant to 28 U.S.C. § 2241, and does not establish petitioner's § 2255 motion is timely. Accordingly, Lester provides no support for petitioner's § 2255 motion. Petitioner may file a § 2241 habeas petition raising a claim pursuant to Wheeler and Lester in the federal district where he is confined, which appears to be this district.[9] See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The court expresses no opinion on the merits of petitioner's § 2241 claims, or whether petitioner can show that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. See 28 U.S.C. § 2255(e).

D.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented

---

[8]The mandate in Lester issued on December 17, 2018, upon appellant's request for early issuance. See Lester v. Flournoy, No. 13-6956 (4th Cir. Dec. 17, 2018).

[9]In the event petitioner files a § 2241 petition challenging his career offender designation under Johnson, petitioner must show that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. See 28 U.S.C. § 2255(e). To make this showing, petitioner must satisfy the following prerequisites: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive claw changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429.

on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 83, 87), and DENIES petitioner's motion to supplement (DE 108), and supplemental motion to correct sentence (DE 92). Respondent's motion to dismiss (DE 99) is GRANTED. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case, and to send petitioner the court's § 2241 habeas form.

SO ORDERED, this the 20th day of December, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge